Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CUEVAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GARDNER TRUCKING, INC., and DOES 1-10, inclusive,<br><br>Defendants, | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681, *et seq.*);**<br>2. **FAILURE TO PAY MINIMUM WAGES AND LIQUIDATED DAMAGES (Labor Code §§ 1194, 1197 And Wage Order);**<br>3. **FAILURE TO PAY ALL REGULAR WAGES (Labor Code § 204);**<br>4. **FAILURE TO PAY OVERTIME (Labor Code §§ 510, 1194, 1198 And Wage Order)**<br>5. **FAILURE TO PROVIDE REST BREAKS (Labor Code §§ 226.7 And Wage Order)**<br>6. **FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, And Wage Order)**<br>7. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Labor Code §§ 226);**<br>8. **FAILURE TO PAY ALL WAGES OWED UPON** |



**TERMINATION (Labor Code §§ 201-203);**

9. **VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17200.**

CLASS ACTION COMPLAINT

Plaintiff Luis Cuevas (hereinafter "Plaintiff"), hereby submits this Class Action Complaint against Defendant Gardner Trucking, Inc., and other as yet unknown entities (hereinafter collectively referred to as "Defendants" or "Gardner") on behalf of himself and a class of all other similarly situated potential, current and former employees of Gardner for penalties and damages for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*., ("FCRA") for Defendants' willful, intentional and purposeful disregard of the FCRA's disclosure and liability waiver requirements.  In addition, Plaintiff brings this case on behalf of current and former employees of Gardner for penalties and damages for Defendant's failure to pay all wages earned, failure to pay all wages upon termination, keep accurate records, failure to comply with statutorily compliant meal and rest breaks, failure to comply with the proper notice requirements under the California Labor Code, and for restitution and injunctive relief as follows:

## INTRODUCTION

1. Plaintiff brings this wage and hour Class Action against Defendants, and each of them, pursuant to Federal Rules of Civil Procedure, Rule 23.  Plaintiff brings this action on behalf of himself and for the benefit of all other persons who applied for employment or who were actually employed directly by Defendants, and each of them.  All allegations in this wage and hour Class Action Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel.  Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and her counsel.  Each allegation in this wage and hour Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2. On information and belief, for at least four years prior to the filing of this action and through to the present, Defendants employed Plaintiff and the putative class members in San Bernardino County, and other counties in the State

CLASS ACTION COMPLAINT

of California, and maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of herein. Plaintiff seeks relief on behalf of himself, and the members of the Plaintiff Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the FCRA, the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to provide Plaintiff and members of the Class and Subclasses accurate wage statements.  Said employment policies, practices and procedures are generally described as follows:

   a.   Defendants failed to properly notify Plaintiff and class members of the usage of their personal identity information, such as their social security numbers, to pull credit reports, prior to completing the hiring process.

   b.   Defendants failed to properly pay Plaintiff and class members for all time worked, including at least the state-mandated minimum wages for all hours worked, including, but not limited to, time spent working off the clock during meal breaks, before and after shifts, time spent working on the clock but deducted, through both manual adjustments and automated timekeeping parameters, and other uncompensated time for which Plaintiffs and class members were clocked in and subject to their employers' direction and control;

   c.   Defendants failed to pay all wages due and owing to their non-exempt employees, including Plaintiff and the class members, in violation of California Labor Code ("*Labor Code*") and Industrial Welfare Commission 4 and/or  9 ("Wage Order");

   d.   Defendants required, suffered, employed, and/or permitted Plaintiff

4

CLASS ACTION COMPLAINT

and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

e.  Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed class for  such malfeasance in providing proper rest periods, as required by *Labor Code* § 226.7 and Wage Order 9;

f.  Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for  such malfeasance in providing proper meal periods, as required by *Labor Code* §§ 226.7 and 512 and Wage Order 9;

g.  Defendants failed to issue accurate itemized wage statements to their non-exempt  employees, including Plaintiff and the class members, in violation of, *inter alia*, *Labor Code* §226 and Wage Order 9;

h.  Defendant failed provide written notice of the amount of paid sick leave available, or paid time off leave provided in lieu of sick leave, on either the employee's itemized wage statement or a separate writing provided on the employee's designated pay date, as required under Labor Code §246(h), to the non-exempt employees, including Plaintiff and the class members.

i.  Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of *Labor Code* §§ 201-203; and,

j.  Violating *Business and Professions Code* §§ 17200 et seq. as further set forth below.

3.  Plaintiff also alleges that Defendants, and each of them, had the clear ability to provide disclosures and liability waivers, pay such wages as are/were due and owing to the Plaintiff and members of the Plaintiff Class, but intentionally did

not pay such wages, in conscious disregard of the rights of Plaintiff and the members of the Plaintiff Class to timely payment of their wages.

4.     This action seeks relief for the un-remediated violations of California law including, *inter alia*:

a.     Damages and/or penalties for Plaintiff and Class Members who were not properly notified of Defendants pulling of credit reports, prior to completing the hiring process, in conformity with California law;

b.     Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of the wages due them and interest thereon;

c.     Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of meal and rest period wages, including premium wages;

d.     Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for failing to provide written notice of the amount of paid sick leave available, or paid time off leave provided in lieu of sick leave, on either the employee's itemized wage statement or a separate writing provided on the employee's designated pay date;

e.     Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law;

f.     Damages and/or penalties for Plaintiff and Class Members who voluntarily quit, or were laid off and/or terminated, but who were not paid all wages due and owing in conformity with California law;

g.     Implementation of other equitable and injunctive relief, including, *inter alia*, an injunction prohibiting Defendants, and each of them, from continuing to:

i.     fail to pay all wages due in accordance with the *Labor Code*

and Wage Order 4 and/or 9;

    ii.    fail to authorize and permit mandated meal and rest periods or pay additional wages to their   employees who did not receive the required meal and rest periods in accordance with the *Labor Code* and Wage Order 4 and/or 9;

    iii.    fail to issue accurate itemized wage statements in accordance with the *Labor Code* and Wage Order 4 and/or 9; and,

    iv.    fail to pay all compensation due to their non-exempt production employees at the time of the termination of their employment in accordance with the *Labor Code*; and,

g.    Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, *Labor Code* §§ 226 and 1194, and *Code of Civil Procedure* § 1021.5; and such other relief as the Court deems just and proper.

5.    The claims herein are brought by Plaintiff on his own behalf and on behalf of the Class which is defined as individuals who are currently or have been employed in California by defendants as non-exempt employees during the Class Period (which commences four years prior to the filing of this action and continues until judgment is rendered herein), and whose working conditions are not controlled by a collective bargaining agreement.

6.    "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code* and regulations, as well as *Business & Professions Code* § 17200 and under the FCRA, 15 U.S.C. § 1681, *et seq*.

7

8.     Venue is proper in San Bernadino County because the conduct alleged herein which gives rise to the claims asserted occurred within Riverside County. Specifically, Plaintiff Luis Cuevas worked for Defendant Gardner Trucking, Inc. within San Bernardino County, and the wages herein claimed were earned by her in San Bernardino County.

9.     This Court has jurisdiction over Plaintiff and Class members' claims under 28 U.S.C. §1331 and §1367 because a substantial portion of the claims arise under federal law, specifically 15 U.S.C. 1681 *et seq*., and all others claims arise under the same transaction and occurrence as the federal claims.

10.     This Court also has original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

11.     In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and the class are citizens throughout various States across the United States.

12.     Venue as to all Defendants is proper in this County pursuant to Code of Civil Procedure section 395(a).  Plaintiff is informed and believes, and thereon alleges that Gardner conducts business, employs Class members, and has locations in San Bernardino County and within this jurisdictional district, and the events complained of occurred in this County.

///

CLASS ACTION COMPLAINT

## THE PARTIES

13.    Plaintiff Luis Cuevas has been employed by Defendants as a Non-Exempt Employee during the Class Period, specifically from on or around August 4, 2016 to May 26, 2017.   Plaintiff is a resident of the County of Riverside, California.  Plaintiff is a member of the Class and is a "consumer" as defined by 15 U.S.C. §1681a.

14.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant Gardner Trucking, Inc. was and/or is a corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California. Defendants were at all relevant times doing business throughout the State of California, have various offices and locations in the State, and serve numerous customers throughout the State.  Gardner directly employed Plaintiff and members of the proposed class to perform work across California.  Gardner also regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.  At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b) and Gardner is a "person" as defined in Labor Code section 18.  Gardner is also an "employer" as that term is used in the Labor Code and the IWC wage orders.

15.    Plaintiff was employed as a non-exempt driver recruiter assistant employee by Gardner, and worked at Gardner's main office, located in Chino, California.

16.    The members of the proposed class are likewise current and former employees of Gardner, employed in a similar fashion by Defendants within the state of California as non-exempt employees.  Although the exact job titles may differ, all class members generally perform the same job duties, which include those typically associated with non-exempt activities.

CLASS ACTION COMPLAINT

17.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that said defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all defendants. Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

## **FACTUAL ALLEGATIONS**

18.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

19.    On information and belief, and at all time relevant to this litigation, Defendants maintained policies, procedures, and practices whereby Defendants obtain Plaintiff's, and other Class Members', social security numbers in order to pull their credit reports, prior to completing the hiring process, without providing any notice to the potential employee.

20.    Plaintiff alleges this background check is unlawful under 15 U.S.C. § 1681b, *et seq*.

21.    On information and belief, and at all times relevant to this litigation, Defendant Gardner Trucking, Inc. owned, controlled, and/or operated a transportation services nationwide, , which employed Plaintiff and similarly situated persons as non-exempt employees within the meaning of Wage Order 4 and/or 9.  Such business operations are and were located in the State of California.

22.    On information and belief, and at all times relevant to this litigation,

CLASS ACTION COMPLAINT

Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt  employees systemic policies and practices that resulted in Defendants not paying Plaintiff and other non-exempt production employees all wages due, including without limitation, all minimum, regular, overtime, reporting time, hourly and/or piece-rate wages, all meal and rest period wages, and failed to provide notice of sick leave, pursuant to California law.

23.    On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees systemic policies and practices that required Plaintiff and the other non-exempt employees to report to work, but failed to compensate them for all time during which they were under the employers' control and/or permitted or suffered to work, whether or not required to do so.

24.    Gardner's policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its transportation facilities throughout California. In particular, Gardner requires its employees to be present and perform work in excess of eight hours per day and/or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked, including during meal and rest breaks.

25.    The requirement to work overtime by non-exempt employees was frequent and unavoidable and employees were required to work overtime hours in order to complete their job duties, including after their shift.

26.    Gardner implements its unlawful policy and practice of failing to pay for all overtime hours worked by non-exempt  employees under the following means: (a) Gardner does not allow them to record all hours worked, including hours in excess of forty per work week; (b) Gardner erases or modifies their recorded hours, or requires them to erase or modify their recorded hours, to eliminate or reduce hours worked, including hours in excess of forty per work

week; and/or (c) Gardner requires them to work during uncompensated breaks.

27.    Plaintiff is in possession of company timekeeping records which show that individuals in the payroll department, including "BN" "SE" "LE" "MP" and "CD" were making unauthorized time edits to Plaintiff's time punches. Specifically, such individual were detrimentally altering Plaintiff's time records for purposes of processing payroll, as well as adding in fake meal and rest breaks that Plaintiff never took and was never provided.  On information and believe, Plaintiff alleges that this practice of wage theft and illegal time manipulation was systemic and widespread and was employed against other Class Members.  This practice deprived Plaintiff of 10 minutes of compensable time for ever fake rest break, 30 minutes of compensable time for every fake meal break, an hour pay for each break violation, as well as other time which was shaved from his records, including overtime.

28.    Gardner could easily and accurately record the actual time worked by all non-exempt employees, and indeed, utilizes an electronic time clock at its transportation facilities.    However, this electronic time clock is subject to manipulation, both by way of automated "rounding" parameters, which are used to automatically deduct time from non-exempt employees' time records, as well as manual adjustments made by managers.

29.    The net effect of Gardner's policy and practice, instituted and approved by company managers, is that Gardner willfully fails to pay overtime compensation and willfully fails to keep accurate time records, in order to save payroll costs. Gardner enjoys millions of dollars in ill-gained profits at the expense of its hourly employees.

30.    On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees policies and practices that resulted in Defendants not providing Plaintiff and other non-exempt

CLASS ACTION COMPLAINT

employees proper required meal and rest periods in accordance with California law. By way of example, even though Defendants consistently deducted a 30 minute meal period from each employee's "time worked," this time was deducted, both by manual adjustments made by management, as well as through automated means, such that these adjusted time records reflected a compliant meal period was provided even in instances where it was not. Indeed, Plaintiff and other non-exempt employees would routinely be denied a timely duty-free 30 minute meal break, yet their time records were adjusted to reflect that they had. Plaintiff alleges that such instances do not satisfy the *Labor Code's* requirement that an employer provide a duty-free, thirty minute uninterrupted meal period no later than the end of the fifth hour of work. Plaintiff and the other non-exempt employees did not voluntarily waive the meal or rest periods. Further, Defendants did not compensate Plaintiff and the other non-exempt employees an additional hour's wage for each of Defendants' failure to provide the mandated meal or rest periods.

31.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees policies and practices whereby Defendants willfully failed to issue accurate itemized wage statements to Plaintiff and the other non-exempt production employees in violation of *Labor Code* §226.

32.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees policies and practices whereby Defendants willfully failed to provide non-exempt employees with written notice of the amount of paid sick leave available, or paid time off leave provided in lieu of sick leave, on either the employee's itemized wage statement or a separate writing provided on the employee's designated pay date, per the requirements set forth under *Labor Code* § 246(h).

33.     On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt transportation employees systemic policies and practices whereby Defendants willfully failed to pay the wages Defendants owed Plaintiff and the other non-exempt employees at the time of layoff or at the time of their employment separation in violation of *Labor Code* §§20l, 202 and 203.

34.     On information and belief, and at all times relevant to this litigation, Defendants have made it difficult to account with precision for the unlawfully withheld wages due non-exempt   employees, including Plaintiff and other non-exempt   employees, because they did not maintain accurate payroll records and/or issue accurate itemized wage statements as required for non-exempt   employees by *Labor Code* §§ 226, 1174(d), and the applicable Wage Order.  For example, Defendants failed to comply with *Labor Code* § 226(a) inasmuch as they did not issue Plaintiff and other non-exempt employees itemized wage statements that accurately list the hours worked, net and gross wages earned, applicable rates of pay, and the address of the legal entity that is the employer, as required. Plaintiff and the other non-exempt   employees have been injured by Defendants' knowing and intentional failure to provide them accurate itemized wage statements. Pursuant to *Labor Code* § 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages, or penalties not to exceed $4,000.00 for each employee.

35.     Plaintiff and members of the Terminated Subclass, whose employment with defendants was terminated during the Class Period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* § 201-203.  Specifically, members of the Terminated Subclass were not paid:  (1) for all time worked; and (2) the premium wages due for Defendants' failure to provide proper meal and rest breaks.  During the Class

Period, and continuing to the present, Defendants have had a consistent policy, practice, custom, and/or habit of failing to provide members of the Terminated Subclass all wages due to them upon termination.

36. The wage and hour violations herein alleged were and are willful and deliberate, and were taken pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which Defendants applied uniformly to Plaintiff and all members of the Plaintiff Class, and which have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and members of the Plaintiff Class.

37. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

39. Plaintiff brings this action as a class action pursuant to The Federal Rules of Civil Procedure 23, on behalf of the following defined Class and Subclasses. The class which Plaintiff seeks to represent is composed of and defined as follows:

Class:

All individuals in the United States who have applied to work with Defendant during the Class Period, and whose working conditions were subject to an unauthorized background check.

California Subclass 1:

All persons who are employed or have been employed by Defendants during the Class Period in California, who were, at any time within four years of the filing of this Complaint, classified as a non-exempt employee of Defendants.

California Subclass 2:

All members of the Plaintiff Class whose employment ended during the Class Period.

40.    Excluded from the Plaintiff Class and Terminated Subclass are any of Defendants' leads, supervisors, managers, shift leaders, crew leaders, or any other employees in a managerial or supervisory position that were involved in enforcing or effectuating the unlawful conduct alleged herein.

41.    The Class Period is the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

42.    Numerosity: Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members.  As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

43.    Commonality: Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.    Whether Defendant violated the FCRA when Defendant pulled credit reports for Plaintiff, and members of the proposed class;

b.    Whether Plaintiff and members of the proposed class are subject to

16

1  and entitled to the benefits of California wage and hour statutes;

2  c.  Whether Defendants violated the applicable Labor Code and Wage

3  Orders by not paying all minimum, regular, overtime, double-time,

4  meal period, and rest period wages owed to Plaintiff and to the

5  Plaintiff Class;

6  d.  Whether Defendants had a standard policy and/or practice of failing to

7  pay for all time worked by non-exempt  employees;

8  e.  Whether Defendants had a standard policy and/or practice of denying

9  Plaintiff and members of the Plaintiff Class proper meal and rest

10  breaks;

11  f.  Whether Defendants had a standard policy and/or practice of failing to

12  compensate Plaintiff and members of the Plaintiff Class for meal and

13  rest periods that did not comply with California law;

14  g.  Whether Defendants maintained accurate records of the hours worked

15  by non-exempt  employees;

16  h.  Whether Defendants maintained a policy to provide written notice of

17  the amount of paid sick leave available, or paid time off leave

18  provided in lieu of sick leave, on either the employee's itemized wage

19  statement or a separate writing provided on the employee's designated

20  pay date, as required by *Labor Code* § 246(h);

21  i.  Whether Defendants had a standard policy and/or practice of failing to

22  provide Plaintiff and members of the Plaintiff Class with accurate and

23  proper wage statements upon payment of wages, in violation of *Labor*

24  *Code* § 226;

25  j.  Whether Defendants had a standard policy and/or practice of failing to

26  promptly pay compensation owing to Plaintiff and members of the

27  Terminated Subclass upon termination of their employment, in

28  violation of Labor Code §§ 201-203;

17

k.    Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

l.    Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, et seq.

44.    <u>Typicality:</u> The claims of the named Plaintiff are typical of the claims of the members of the proposed class.  Plaintiff and other class members sustained losses, injuries and damages arising from defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as to Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

45.    <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the proposed class because she is a member of the class and her interests do not conflict with the interests of the members she seeks to represent.  Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the class.  The interests of the class members will fairly and adequately be protected by Plaintiff and her attorneys.

46.    <u>Superiority of Class Action:</u> A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits.  Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.

By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

## **FIRST CAUSE OF ACTION**

VIOLATION OF THE FAIR CREDIT REPORTING ACT
*Plaintiff Individually and on Behalf of the Class Against All Defendants*

47.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48.     15 U.S.C. §1681b(b)(2)(A), states in relevant part:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i)     A clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)    The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

49.     By engaging in the conduct described above, Defendants have violated this provision of the Fair Credit Reporting Act.

50.     To the extent that Defendants actions constitute a violation of the Fair Credit Reporting Act, such actions were knowing, willfully, purposefully, and intentionally.

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

MINIMUM WAGES AND LIQUIDATED DAMAGES
(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 4 and/or 9)
*Plaintiff Individually and on Behalf of the California Class 1 Against Defendants*

51.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

52.    At all times relevant to this complaint, Defendants, and each of them, failed, and have continued to fail, to pay Plaintiff and each class member all wages due, including the minimum wage, as required by law.

53.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each class member has reported to work as required and has not been compensated for all working time while under the control of the employer, and performed pre- and post-shift work the has not been compensated at the agreed wage nor even at least at the minimum wage for said work. Accordingly, Plaintiff and each class member has been deprived of wages due, including minimum wages, in amounts to be determined at trial.

54.    The applicable minimum wages fixed by the commission for Plaintiff and the class members is found in Wage Order 4 and/or 9.

55.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the class members all wages due, Plaintiff and the class members are entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

**THIRD CAUSE OF ACTION**

FAILURE TO PAY ALL REGULAR WAGES
(Labor Code §204)
*Plaintiff Individually and on Behalf of the California Class 1 Against Defendants*

56.    Plaintiff incorporates all preceding paragraphs as though fully set

20

forth herein.

57.   At all times relevant herein, Defendants were required, by California *Labor Code* § 204, to compensate Plaintiff correct and proper regular wages for all regular hours worked.

58.   As a pattern and practice, Defendant regularly required Plaintiff to work more than eight (8) hours in a day, and forty (40) hours in a week; and required Plaintiff to work through meal and rest breaks.  Regardless of the number of hours worked, Plaintiff received the same pay, without payment of wages for all hours actually worked.

59.   Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff all regular wages for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all regular wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to *Labor Code* § 203.

60.   Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

## **FOURTH CAUSE OF ACTION**

### OVERTIME AND DOUBLE TIME WAGES
(Labor Code §§ 218.6, 558, & 1194, and  Wage Order 4 and/or 9)
*Plaintiff Individually and on Behalf of the California Class 1 Against Defendants*

61.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

62.   At all times relevant, Defendants, and each of them, have failed to properly calculate and pay Plaintiff and the class members the required overtime or

double time premium wages in accordance with the applicable statutes and Wage Order 4 and/or 9, in amounts to be proven at trial.

63.    As a result of each Defendants' failures, Plaintiff and the class members are entitled to each recover the unpaid overtime and double time wages due, plus interest, attorney's fees, and costs.

## FIFTH CAUSE OF ACTION

REST PERIODS
(Labor Code §§226.7, 558 & 1198, and Wage Order 4 and/or 9)
*Plaintiff Individually and on Behalf of the California Class 1 Against Defendants*

64.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

65.    Wage Order 4 and/or 9, at section 12(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

66.    *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class member all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class member is entitled to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for the denied rest periods.

67.    Plaintiff and each class member suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required rest periods and has therefore not been paid all of the wages due.  Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

# SIXTH CAUSE OF ACTION

## MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 4 and/or 9)
*Plaintiff Individually and on Behalf of the California Class 1Against Defendants*

68.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69.    Defendants violated the applicable statues, as well as Wage Order 4 and/or 9. Wage Order 4 and/or 9 provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code* § 512 contains parallel language.

70.    Plaintiff alleges that they and members of the proposed class were not relieved of all duty for an entire 30 minutes.  Rather, during their meal period, workers routinely received less than thirty minutes of duty-free time.  Plaintiff alleges that Defendants nonetheless deducted a full thirty minutes on each occasion, and made manual and/or automated time entry adjustments to Class Member time sheets, to artificially reflect that meal breaks were compliant with the requirements of the Labor Code and Wage Order.

71.    *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each class member all meal periods specified in the applicable Wage Order and that Plaintiff and each class member was to be paid one additional hour of pay per day at his/her regular rate of compensation as additional wages for meal periods that were not properly provided.

72.    Plaintiff and each class member have suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required meal periods and have

CLASS ACTION COMPLAINT

therefore not been paid all of the wages due. Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
( LABOR CODE §§226 and 558)
*Plaintiff Individually and on Behalf of the California Class 1 Against Defendants*

73.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.    At all times relevant, each Defendant violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements, because the statements failed to accurately report one or more of the following:

        a. all employers' names and addresses;

        b. total hours worked;

        c.  applicable rates of pay;

        d. the number of piece rate units;

        e.  the applicable piece rate;

        f.  the rate of pay and total hours for each assignment; and,

        g. gross and net wages earned.

75.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and reasonable attorney's fees.

76.    Defendants failed to accurately record the wages due to Plaintiff and members of the proposed class, specifically including, but not limited to, by failing to record wages due for so-called "non-productive" time, as well as premium wages for Defendants' failure to provide proper rest and meal breaks.

77.     Plaintiff and members of the Plaintiff Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefor.

78.     Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## **EIGHTH CAUSE OF ACTION**

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the California Class 2 Against Defendants*

79.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

80.     *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

81.     Plaintiff and the class members are entitled to compensation for all wages earned, including without limitation, the unpaid minimum, overtime, double time, and premium wages for rest and meal periods not provided, but to date have not received such compensation.

82.     More than 30 days have passed since Plaintiff and Terminated Subclass members terminated from their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member whose employment

CLASS ACTION COMPLAINT

has ended all wages owed.  As a consequence of Defendants' willful conduct in not paying Plaintiff and each Subclass member all earned wages at the time their employment with Defendants ended, Plaintiff and each Terminated Subclass member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## NINTHTH CAUSE OF ACTION

RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

83.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

84.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

85.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiffs and members of the proposed class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

86.    The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law.  As such, said conduct constitutes unfair business practices, in violation of *Business and Professions Code* §§ 17200 et. seq.

87.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, and by failing to provide proper wage statements.  Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

88.    As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of the Plaintiff Class.

CLASS ACTION COMPLAINT

89.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants.  The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The members of the proposed class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

90.   During the Class Period, Defendants committed, and continue to commit acts of unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code,* by and among other things, engaging in the acts and practices described above.

91.   Defendants' course of conduct, acts, and practices in violation of the California laws, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the *Business and Professions Code.*

92.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

93.   Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

94.   Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

95.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of

1  wages owed to them.

2  96.    Defendants have been unjustly enriched as a direct result of their

3  unlawful business practices alleged in this complaint and will continue to benefit

4  from those practices and have an unfair competitive advantage if allowed to retain

5  the unpaid wages.

6  **ATTORNEY'S FEES AND COSTS**

7  97.    Plaintiff is entitled to fees and costs, pursuant to California law,

8  including, without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code*

9  §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect

10  workers and to ensure prompt payment of wages due employees is a fundamental

11  public interest in California. Consequently, Plaintiff's success in this action will

12  result in the enforcement of important rights affecting the public interest and will

13  confer a significant benefit upon the public.

14  **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members

16  of the Plaintiff Class, pray for judgment against defendants as follows:

17  A.    For an order certifying the proposed class;

18  B.    For the attorneys appearing on the above caption to be named class

19         counsel and for the named Plaintiff to be appointed class

20         representative;

21  C.    For compensatory damages in an amount according to proof with

22         interest thereon;

23  D.    For economic and/or special damages in an amount according to proof

24         with interest thereon;

25  E.    For payment of unpaid wages in accordance with California labor law;

26  F.    For payment of penalties in accordance with California law;

27  G.    For penalties pursuant to Labor Code §§ 206, 210, 226, 226(e), 226.3,

28         226.7, 512, 558, and 1194;

G.   For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.;*

H.   For Defendants to be ordered and enjoined to make restitution to Plaintiff and the class and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

I.   For interest accrued to date;

I.   For statutory damages;

J.   For actual damages;

K.   For punitive damages;

I.   For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and *Code of Civil Procedure* §1021.5; and,

J.   For all such other and further relief that the court may deem just and proper.

### JURY DEMAND

Plaintiff, on behalf of himself and all other similarly situated, hereby demands a trial by jury in this case.

Dated: April 9, 2018                    By: /s/Todd M. Friedman
                                         Law Offices of Todd M. Friedman, P.C.
                                         Todd M. Friedman, Esq.
                                         Adrian R. Bacon, Esq.
                                         Attorneys for Plaintiffs

CLASS ACTION COMPLAINT